# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JAMES S. HUNT, )
 )
      Petitioner, )
 )
v. ) Case No. CIV 06-394-RAW-KEW
 )
GREG PROVINCE, Warden, )
 )
      Respondent. )

## OPINION AND ORDER

This action is before the court on petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 (Docket #1) and his motion for summary judgment and/or motion for enforcement of this court's previous orders (Docket #9). Petitioner, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Jackie Brannon Correctional Center in McAlester, Oklahoma, attacks the execution of his sentence in Oklahoma County District Court Case No. CF-85-1341 for Possession of a Controlled Dangerous Substance, After Former Conviction of a Felony.

Petitioner alleges the DOC has failed to credit his earned credits correctly, resulting in an unconstitutional extension of his sentence. He claims in Ground I that in January and June 1987, he participated in an approved Vo-Tech program. His earned credit status, however, was based on the law in effect on November 1, 1988, instead of the law in effect in 1987 when he was in the Vo-Tech program. He also asserts his earned credits should have been calculated under the law in effect when he committed his crime in 1985.

In Ground II petitioner claims he was granted parole in 1987, conditioned on his

successful completion of four months at a work center. He again claims his credits should have been calculated pursuant to the 1987 law, and he maintains he was denied approximately 240 *Ekstrand* credits he was due for his time at the work center.

Initially, the decision in *Ekstrand v. State*, 791 P.2d 92, 95 (Okla. Crim. App. 1990), *overruled on other grounds by Waldon v. Evans*, 861 P.2d 311 (Okla. Crim. App. 1993), concerned earned credits that inmates could accumulate effective November 1, 1988. Petitioner is complaining about his earned credits prior to this decision. The record shows he was convicted in 1986 for a crime committed in 1985, and he only is "entitled to the credits allotted under the statute effective on the date [his] crime was committed." *Id*.; *See also State ex rel. Maynard v. Page*, 798 P.2d 628, 629 (Okla. Crim. App. 1990).

The respondent alleges in his response to the petition (Docket #8) that this action is barred by the applicable one-year statute of limitations. *See* 28 U.S.C. § 2244(d); *see also Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (holding that the one-year limitations period also applies to § 2241 habeas corpus actions). The relevant statutory measuring event for the limitation period in this case is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Oklahoma requires that inmates receive a monthly accounting of sentence credits, Okla. Stat. tit. 57, § 138(I)(2), and petitioner does not claim he has not received his monthly accountings throughout his incarceration. Consequently, he must have been aware of how the DOC was calculating his credits well before April 24, 1996, the effective date of § 2244(d)'s one-year limitation. This habeas corpus petition, therefore, should have filed by April 24, 1997. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (one-year limitation ends on April 24, 1997, for those convicted prior to the

2

enactment of § 2244(d)). Petitioner make no argument for statutory or equitable tolling, and his motion for summary judgment and/or enforcement of the court's previous orders merely complains about the timeliness of the respondent's response to the petition.

**ACCORDINGLY,** petitioner's motion for summary judgment and/or motion for enforcement of this court's previous orders (Docket #9) is DENIED, petitioner's petition for a writ of habeas corpus (Docket #1) is DENIED as barred by the statute of limitations, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 10th day of September 2007.

**Dated this 10th Day of September 2007.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma

3